IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRENDA BINGHAM,                         :

              Plaintiff,          :     Case No. 3:14cv100

     vs.                                 :     JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,        :

            Defendant.          :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR ENTIRETY;
DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #16)
OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND
AGAINST DEFENDANT, REVERSING COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE
CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR THE
IMMEDIATE PAYMENT OF BENEFITS FOR THE CLOSED PERIOD FROM
APRIL 1, 2009, THROUGH MAY 11, 2012; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

On July 13, 2015, the United States Magistrate Judge filed a Report and Recommendations (Doc.

#14), recommending that the Commissioner's finding that Plaintiff was not disabled and,

therefore, not entitled to benefits for the closed period from April 1, 2009, through May 11, 2012,

be reversed; and that the captioned cause be remanded to the Defendant Commissioner, pursuant

to Sentence Four of 42 U.S.C. § 405(g), for payment of SSI benefits consistent with the Social

Security Act.  Based upon reasoning and citations of authority set forth in the Magistrate Judge's

Report and Recommendations (Doc. #14), as well as upon a thorough de novo review of this

Court's file, including the Administrative Transcript (Doc. #6), and a thorough review of the

applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and,

in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant

Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act was not supported by substantial

evidence.  The Defendant's Objections to said judicial filing (Doc. #16) are overruled.

Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause

is ordered remanded to the Defendant Commissioner for the immediate payment of SSI benefits

for the closed period from April 1, 2009, through May 11, 2012.

      In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if

that decision is supported by "substantial evidence." 42 U.S.C. § 405(g).  Under 28 U.S.C.

§ 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and

Recommendations, is required to make a de novo review of those recommendations of the report

to which objection is made.  This de novo review, in turn, requires this Court to re-examine all the

relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v.

Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v.

Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole

function is to determine whether the record as a whole contains substantial evidence to support the

Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB,
305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213
(6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might
accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739
F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so
much as would be required to prevent a directed verdict (now judgment as a matter of law) against
the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th
Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).
To be substantial, the evidence "must do more than create a suspicion of the existence of the fact
to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a
verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v.
Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v.
Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence,
the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir.
1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir.
1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner
v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo,
resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the
Commissioner of Social Security and proceedings on Claimant's application for social security
disability benefits are not subject to reversal merely because there exists in the record substantial

evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.       Evidence of Plaintiff's medical condition, precluding her from sustained work requiring medium exertion prior to 2012, consists of significant neck pain throughout the period at issue, physical therapy records, Plaintiff's consistent testimony, pre-surgical medical imaging, and, most importantly, Plaintiff's attempt to end her own life in July of 2011, because of her severe, intractable pain.  This evidence is more than adequately set forth in the Administrative Record and is thoroughly consistent with the evidence in this case and the Plaintiff's testimony.

2.       The Defendant Commissioner stated, in her objections (Doc. #16) to the Magistrate Judge's Report and Recommendations (Doc. #14), "the following month, Plaintiff had an MRI of the cervical spine. . . . Although the MRI showed moderate to severe degenerative changes. . . three weeks later, Plaintiff's doctors noted that her 'pain is well controlled [with prescription medication]'" (citations to the Administrative Record omitted).   While this may well be so, the controlling of pain with prescription medication does not, ipso facto, translate into being able to conduct sustained work at a medium exertional level.

3.       In this matter, a remand for the payment of benefits, rather than one for further administrative proceedings, is warranted given that, in the words of the Magistrate Judge, "no

reasonable reading of the record's evidence could support a conclusion that the Plaintiff was capable of sustained medium exertional work prior to May of 2012." Further, in this Court's opinion, all essential factual issues have been resolved and that evidence of disability is overwhelming, while contrary evidence is weak (if it exists at all). <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #14) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was <u>not</u> supported by substantial evidence. Defendant's Objections to said judicial filing (Doc. #16) are overruled. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act for the closed period from April 1, 2009, through May 11, 2012, and remanding the captioned cause to the Defendant Commissioner for the immediate payment of benefits consistent with the Social Security Act, for the aforesaid closed period.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 28, 2015

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

-5-

Copies to:

Counsel of record